IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 11-20070-01-KHV |
| JOHN B. HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On August 11, 2011, a four count indictment charged defendant with drug and firearms violations. Doc. #1. On October 26, 2011, defendant appeared for arraignment. Defendant is currently on pretrial release. Trial is currently set for December 29, 2011. This matter is before the Court on the government's Motion For Continuance (Doc. #14) filed December 7, 2011.

The government seeks an extension under the ends-of-justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant an extension of time under this provision, the Court considers whether the ends of justice served by granting an extension outweigh the best interests of the public and defendants in a speedy trial. United States v. Toombs, 574 F.3d 1262, 1268 (10th Cir. 2009). In doing so, the Court must consider (among others) the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the

> indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). See United States v. Stimatze, No. 10-40027-01-SAC, 2010 WL 864477, at *3-4 (D. Kan. Mar. 10, 2010) (providing examples of specific and detailed reasons and information required for such continuances).

The Court finds that the ends of justice served by granting an extension of time outweigh the interests of the public and defendant in a speedy trial. Based on the circumstances set forth in the government's motion, the Court finds that an extension of time is necessary to allow the attorney for the government reasonable time to prepare the case. See 18 U.S.C. § 3161(h)(7)(B)(iv). Specifically, the Court finds that the following points justify an extension of time: Counsel for the government will be on medical leave beginning December 13, 2011. Counsel for the government hopes to return to full-time work on December 27, 2011. Preparation for a trial of any type would require more than two days. Counsel for defendant does not object to this continuance.

**IT IS THEREFORE ORDERED** that the government's Motion For Continuance (Doc. #14) filed December 7, 2011 be and hereby is **SUSTAINED**. **Trial is continued to February 6, 2012 at 9:30 a.m.**

**IT IS FURTHER ORDERED that the Court finds that the period from December 29, 2011 to February 6, 2012 is excludable under 18 U.S.C. § 3161(h)(7)(A) because the ends of**

**justice served by granting this continuance outweigh the interests of the public and defendant in a speedy trial.**

Dated this 20th day of December, 2011 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge